IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**INDUCOL S.A.**,

   Plaintiff,

   v.

**CÁNDIDO GUTIERREZ**, *et al.*,

   Defendants.

Civil No. 12-2053 (BJM)

## OPINION AND ORDER

Inducol S.A. brought this action against Cándido Gutierrez, d/b/a General Distribution Co., to collect on outstanding invoices for the sale of Inducol refrigeration equipment. Docket No. 11 ("Compl.").

Before the court is Inducol's motion for summary judgment. Docket No. 27 ("Mot."). Defendants opposed. Docket No. 29 ("Opp."). For the reasons set out below, plaintiff's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir. 1995).

The movant must first "inform[] the district court of the basis for its motion," and identify the record materials "which it believes demonstrate the absence of a genuine

issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); R. 56(c)(1). If this threshold is met, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts" to avoid summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not prevail with mere "conclusory allegations, improbable inferences, and unsupported speculation" for any element of the claim. *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). Still, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," *Leary*, 58 F.3d at 751, and the court must not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." *Greenburg v. P.R. Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).

## BACKGROUND

This summary of the facts is guided by the parties' Local Rule 56 statements of uncontested facts. *See* Docket Nos. 28 and 30.[1]

Cándido Gutierrez, a citizen of Puerto Rico, purchased refrigeration equipment from Inducol S.A., a Colombian company, between March and December 2011. Inducol delivered the equipment as ordered. According to Inducol, the sales orders totaled $122,327.89, of which $117,645.39 is still unpaid. Docket No. 27-1. The following invoices constitute the total amount claimed:

| Invoice No. | Sales Order No. | Amount Due |
| --- | --- | --- |
| **1483** | 11000013-001 | 4,165.33 |
| **1483** | 11000013-002 | 8,847.83 |

---

[1] Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence. It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González-Toro*, 520 F.3d 58, 62 (1st Cir. 2008), and prevents litigants from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." *Mariani-Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007). The rule "permits the district court to treat the moving party's statement of facts as uncontested" when not properly opposed, and litigants ignore it "at their peril." *Id.*

Inducol S.A. v. Gutierrez, Civil No. 12-2053 (BJM)                                          3

| | | |
|---|---|---:|
| **1483** | 11000013-003 | 8,847.83 |
| **1496** | 11000027-001 | 27,373.49 |
| **1498** | 11000028-001 | 90.00 |
| **1510** | 11000036-001 | 12,462.93 |
| **1511** | 11000037-001 | 1,815.00 |
| **1513** | 11000042-001 | 27,744.49 |
| **1518** | 11000044-001 | 26,298.49 |

*Id.* Gutierrez disputes the amounts on invoice nos. 1483, 1498, and 1511. Docket No. 30, at 6. He admits he owes the amounts due on invoice nos. 1496, 1510, 1513, and 1518. *Id.* at 5. According to Gutierrez, two payments of $2000 each were submitted to Inducol in July and September 2011, but neither payment has been credited towards his balance. Docket No. 30-1, at 2.

Inducol seeks a total sum of $117,645.39, plus interest, and attorney's fees.

## DISCUSSION

Gutierrez concedes that he owes the amounts due on invoice nos. 1496, 1510, 1513, and 1518, totaling $93,879.40. His main argument[2] against plaintiff's summary judgment motion is that Inducol failed to include the actual invoices at issue as evidence. Opp. 5. Inducol did, however, submit an accounts receivable aging report as an exhibit in its motion, which details the sales invoices allegedly due. Docket No. 27-1. The question is whether the aging report can be considered as factual evidence when it is not accompanied by an affidavit that certifies its authenticity. Gutierrez, in his opposition to plaintiff's statement of uncontested facts, squarely admitted that he owes the amounts on invoice nos. 1496, 1510, 1513, and 1518. Docket No. 30, at 5. The court can take note of such an admission, even though the underlying exhibit should have been introduced

---

[2] Defendant also contends in a conclusory fashion that plaintiff's failure to comply with the record citation requirement of Local Rule 56(e) warrants striking plaintiff's statement of uncontested facts. Docket No. 30, at 4. But the federal rules explicitly require that a local rule "shall not be enforced in a manner that cause a party to lose rights because of a nonwillful failure to comply with the requirement." Fed. R. Civ. P. 83(b). In light of the abbreviated nature of plaintiff's statement of uncontested facts, and the fact that defendants have been able to respond in opposition with no apparent difficulty, the court finds defendant's argument is without merit.

Inducol S.A. v. Gutierrez, Civil No. 12-2053 (BJM)                                                                                     4

through an affidavit by the moving party. *Cerqueira v. Cerqueira*, 828 F.2d 863, 865 (1st Cir. 1987) (holding district court could take as true exhibits submitted with summary judgment motion when non-moving party conceded its contents). Thus, based on the evidence and admissions in the record, I find that the amounts owed on these four invoices are not in dispute. As to the remaining three invoices, Gutierrez disputes the validity of those charges, thus creating a genuine issue of material fact as to the amounts owed on those invoices. Docket No. 30, at 5.

Gutierrez does not otherwise oppose the remedy Inducol seeks, but "even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 13 (1st Cir. 2007). In this diversity action, Puerto Rico law applies. Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 L.P.R.A. § 2994. Here, Inducol has shown that Gutierrez failed to pay four outstanding invoices, and that the balance on these uncontested invoices totals $93,879.40. It is therefore entitled to this relief.

Inducol also seeks an award of a six percent interest on the amount due, for an additional amount of $17,000. Under Puerto Rico Civil Code, the court shall award prejudgment interest at the legal rate of six percent. 31 L.P.R.A. § 3025. However, Inducol has only established liability in the amount of $93,879.40; it is therefore entitled to 6% interest on such balance, starting from the date the invoices became due. *Noble v. Corporacion Insular de Seguros*, 738 F.2d 51, 55 (1st Cir. 1984) (noting prejudgment interest on an award for collection of debt "runs from the time 'the cause of action accrues'").

Inducol lastly seeks attorney's fees pursuant to Rule 44.1(d) of Puerto Rico Rules of Civil Procedure, on the basis that that defendant has been obstinate throughout these

proceedings. A finding of obstinacy requires that "a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." *De León López v. Corporación Insular de Seguros*, 931 F.2d 116, 126 (1st Cir. 1991). Upon a finding of obstinacy, "imposition of attorney's fees is mandatory"; but the amount of fees awarded is left in the court's discretion. *Correa v. Cruisers, A Div. of KCS Int'l, Inc.*, 298 F.3d 13, 30 (1st Cir. 2002). "Obstinacy is to be judged in light of the overall circumstances of the particular case," but generally includes conduct such as "denying all liability in answering a complaint, where the defendant later admits liability; raising inapplicable defenses; denying all liability when only the amount of damages sought is contested; and denying a fact, knowing it is true." *Id.* at 31.

Here, Gutierrez in his answer admitted to owing money but disputed the exact amount owed. Docket No. 18, at 4. The record also shows that Gutierrez has engaged in settlement discussions with Inducol but the parties have been unable to reach a mutually agreeable payment plan. Docket Nos. 30, at 6; 30-2. Gutierrez's conduct cannot be said to be "unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation," where he has consistently admitted to some liability but disputed the exact amount of damages, and there remains a genuine issue of material fact as to three of the seven invoices in question. Thus, plaintiff's request for attorney's fees must be denied.

## CONCLUSION

In sum, I find that there are no genuine issues of material fact with respect to four of the seven invoices at issue (invoice nos. 1496, 1510, 1513, and 1518), and plaintiff is entitled to judgment as a matter of law in the amount of $93,879.40, plus interest. Summary judgment on the other three invoices is denied.

Inducol's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of October, 2013.

                                                *S/ Bruce J. McGiverin*
                                                BRUCE J. MCGIVERIN
                                                United States Magistrate Judge